LIGHTNING ROD MUTUAL INSURANCE COMPANY, Appellant,

v.

CHATMAN, Appellee.

[Cite as *Lightning Rod Mut. Ins. Co. v. Chatman* (1990), 64 Ohio App.3d 781.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1060.

Decided Feb. 6, 1990.

*Earl, Warburton, Adams & Davis* and *Dick M. Warburton, Jr.,* for appellant.

*Ronald J. O'Brien,* City Attorney, and *Dana Martin Peters,* for appellee.

WHITESIDE, Judge.

Plaintiff, Lightning Rod Mutual Insurance Company, appeals from a judgment of the Franklin County Municipal Court sustaining the motion of defendant, William H. Chatman, for summary judgment. Initially, plaintiff

raised three assignments of error, but subsequent to oral argument, has withdrawn the first two assignments of error, leaving for consideration of the court a single assignment of error (originally the third) as follows:

"The court erred in finding that, as a matter of law, the defendant was acting in the course and scope of his employment for the city of Columbus at the time of the motor vehicle accident of May 31, 1988."

This case arises from a collision between a truck operated by defendant and owned by his employer, the city of Columbus, and a motor vehicle operated by plaintiff's insured. Plaintiff seeks to recover the amount to which it became subrogated by making payment to its insured.

Defendant filed a motion for summary judgment claiming he was entitled to the immunity granted to public employees of political subdivisions by R.C. 2744.03(A)(6), which provides that:

"(A) In an civil action brought against * * * an employee of a political subdivision to recover damages for * * * loss to * * * property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

" * * *

"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

There is no contention that liability is imposed by a provision of the Revised Code or that defendant's acts or omissions were malicious, in bad faith, or wanton or reckless. Accordingly, the sole issue is whether defendant's operation of the city truck was manifestly outside the scope of his employment when he negligently ran into plaintiff's insured vehicle. In finding for defendant as a matter of law, the trial court commented in its decision:

"Defendant, an employee of the City Sewer Maintenance Yard, was driving a City vehicle equipped with a two-way radio when the accident occurred. Defendant was driving to lunch, but his manager, Robert Roush, stated 'it was and remains division policy that any vehicle equipped with such a radio is

"on call" for any emergency divisional business during all hours of the day including lunch breaks.'

"This Court concludes defendant was carrying out the business of his employer; and further, that his lunch break, or any other break during the work day, is not his 'own' time. * * * "

In addition to the statement in the affidavit of the manager referred to by the trial court, defendant submitted his own affidavit stating that he was driving a city truck at the time and " * * * I was within the scope of my employment as an employee of the Division of Sewerage and Drainage, City of Columbus, Ohio." A deposition of defendant was also submitted which indicates that at the time in question he was on his "lunch break" and that he was required to drive the city truck to lunch as close as possible to the work site. In other words, although not expressly stated, apparently defendant was not permitted to leave the truck at the work site and use other means of transportation to go to a restaurant to eat his lunch. It does appear from the deposition, however, that defendant was not paid for the thirty-minute lunch break.

When construed most strongly in favor of plaintiff, the evidence would not permit reasonable minds to conclude that defendant was manifestly outside the scope of his employment at the time in question. Furthermore, he was required to be in close proximity so that if he were called for an emergency or other purposes, he could hear the two-way radio. Under the evidence before the trial court, there simply was no other reasonable conclusion but that defendant was not manifestly outside the scope of his employment while operating the city truck at the time of the collision. There simply is no evidence of deviation from the scope of his employment as he was charged with the responsibility of caring for city equipment, the truck, as well as operating it, at the time in question. We find no error. The assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment.